UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN FERRELL,<br><br>                              Plaintiff,<br><br>v.<br><br>CUBESMART, an out-of-state California corporation; and DOES 1 through 100, inclusive,<br>                            Defendants. | Case No.: 24-cv-02305-AJB-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>**(Doc. No. 6)** |

      Before the Court is Defendant CubeSmart, L.P.'s ("Defendant" or "CubeSmart") motion to compel arbitration and stay Plaintiff Dawn Ferrell's ("Plaintiff") civil action. (Doc. No. 6.) The Court set a briefing schedule for the motion, directing that any opposition be filed by January 9, 2025. (Doc. No. 7.) Plaintiff did not file an opposition or otherwise respond to Defendant's motion. Pursuant to Civil Local Rule 7.1.d.1, the Court finds this matter suitable for determination on the papers and without oral argument. Accordingly, the Court hereby **VACATES** the hearing currently set for April 17, 2025. For the reasons set forth herein, the Court **GRANTS** CubeSmart's motion to compel arbitration and stay action.

## I.     BACKGROUND

CubeSmart is a real estate company focused on ownership, operation, acquisition, and development of self-storage facilities throughout the United States. (Declaration of John Hueber ("Hueber Decl."), Doc. No. 6-4, ¶ 3.)

Plaintiff was previously employed by CubeSmart beginning April 2022 as a Store Manager. (Complaint ("Compl."), Doc. No. 1-2. ¶ 1.) Plaintiff resigned her employment with CubeSmart approximately a year and a half later. (*Id.* ¶ 50.)

As part of CubeSmart's onboarding process, new hires receive an Arbitration Agreement which must be reviewed and acknowledged by the new hire prior to starting employment. (Hueber Decl. ¶ 4.) The Arbitration Agreement states in relevant part:

> I . . . hereby agree to utilize CubeSmart L.P.'s Formal Dispute Resolution Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy . . . against CubeSmart L.P. . . . regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to . . . the Americans with Disabilities Act; The Fair Labor Standards Act; . . . any state anti-discrimination statutes; wage and hour laws; retaliation statutes, equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance. . . . Except as expressly stated in "Claims Not Covered by the Agreement," the Company and Employee agree to arbitrate before a neutral arbitrator any and all existing or future Covered Claims between or among them, pursuant to this Agreement and CUBESMART's Dispute Resolution Rules.

(Doc. No. 6-7 at 2.)

Plaintiff initiated this action by filing her Complaint in the Superior Court of California, County of San Diego. (*See generally* Compl.) The Complaint contains eleven causes of action, asserting claims for (1) failure to provide meal and rest periods in violation of California Labor Code §§ 226.7, 512; (2) failure to pay wages in violation of California Labor Code §§ 201, 1194; (3) failure to pay overtime compensation in violation of California Labor Code §§ 510, 1194; (4) failure to provide itemized wage and hour statements in violation of California Labor Code § 226, *et seq.*; (5) failure to maintain time

1  records in violation of public policy; (6) retaliation in violation of Gov't Code § 12940, *et*
2  *seq.*; (7) age discrimination in violation of Gov't Code § 12940, *et seq.*; (8) failure to
3  prevent discrimination, harassment, and retaliation in violation of Gov't Code § 12940(k);
4  (9) constructive discharge in violation of public policy; (10) intentional infliction of
5  emotional distress; and (11) negligent infliction of emotional distress. (*Id.*)
6        CubeSmart subsequently removed the action to federal court. (Doc. No. 1.) The
7  instant motion to compel arbitration and stay case follows.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, governs the enforcement of arbitration agreements involving commerce. *See Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 232–33 (2013). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Accordingly, the court's role under the FAA is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

## III. DISCUSSION

CubeSmart argues that Plaintiff must arbitrate her claims because she signed a valid arbitration agreement as part of her employment contract that encompasses all of her claims. Plaintiff has not filed a response to this motion and the deadline to do so has passed. Therefore, CubeSmart's motion to compel arbitration is unopposed. Under Local Rule 7.1.f.3(c), a party's failure to timely file an opposition "may constitute a consent to the granting of a motion." As such, the Court may construe Plaintiff's non-opposition as a consent to arbitrate and stay the action and grant CubeSmart's motion on that basis. In the interest of completeness, however, the Court considers (1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue. *Chiron Corp.*, 207 F.3d at 1130.

### A.  Whether a Valid Arbitration Agreement Exists

On a motion to compel arbitration of a dispute, the "threshold inquiry is whether the parties agreed to arbitrate." *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988). The party seeking to compel arbitration "has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). To determine whether a valid agreement to arbitrate exists, we "apply ordinary state law principles that govern the formation of contracts." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (citation and internal quotation marks omitted).

Here, CubeSmart presented evidence that a valid agreement exists. (Doc. No. 6-1 at 15). CubeSmart asserts that Plaintiff agreed to be bound by an agreement to arbitrate when she reviewed and electronically acknowledged the Parties' Arbitration Agreement on May 20, 2022, at 2:25 p.m., and continued working for CubeSmart, accepting the benefits of employment, for eighteen months until her resignation. (*Id.* at 17).

A party moving to compel arbitration meets its initial burden by attaching a copy of a purported agreement to arbitrate along with the nonmoving party's signature. *Espejo v. So. Cal. Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016). Under California Civil Code Section 1633.7, an electronic signature "has the same legal effect as a handwritten signature." *Ruiz v. Moss Bros. Auto Grp., Inc.*, 232 Cal. App. 4th 836, 843 (2014). "Still, any writing must be authenticated before the writing . . . may be received in evidence." *Id.* (citing Cal. Evid. Code § 1401). Pursuant to California Civil Code Section 1633.9(a), "an electronic record or electronic signature is attributable to a person if it was the act of the person. . . . [which] may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." Courts have previously held that the moving party meets this burden by submitting a declaration detailing the company's "security precautions regarding transmission and use of an applicant's unique username

and password, as well as the steps an applicant would have to take to place his or her name on the [agreement]." *See Espejo*, 246 Cal. App. 4th at 1062.

In this case, CubeSmart's Learning Management System ("LMS") Administrator, John Hueber, states in his declaration that "[a]t or around the time of hire, all CubeSmart employees are required to complete an electronic onboarding process through its LMS, which includes receiving, reviewing, and acknowledging receipt and acceptance of the Arbitration Agreement prior to starting employment with CubeSmart." (Hueber Decl. ¶ 4.) When an individual is hired as a new CubeSmart employee, a system-generated profile in LMS is automatically created and an automated system-generated email is sent to the store email address where the new employee is assigned to work. (*Id.* ¶ 7.) The welcome email is addressed to the new hire individually and contains a unique username and a default password for that individual only. (*Id.* ¶ 7.) The new employee is then instructed to use those credentials to log into LMS for the first time, and thereafter the employee is prompted to change the password. (*Id.*) The employee cannot proceed any further within LMS without changing the password, and no one other than the employee knows or has access to the new password they create. (*Id.*)

After logging into the LMS, Plaintiff would then be presented with a screen that states "Formal Dispute Resolution Program and Arbitration Agreement Acknowledgment." (*Id.* ¶ 11.) From there, the employee must click the "Next" button, and then would be presented with instructions to click the "View Agreement" button, which would open the Arbitration Agreement on their screen for review. (*Id.*) In order to acknowledge that they had read and understood the Arbitration Agreement, the employee would then have to click a button which states as follows: "I acknowledge that I have received and understood CubeSmart's Formal Dispute Resolution Program and Arbitration Agreement." (*Id.*; Doc. No. 6-6 at 4–5.) This acknowledgment must be completed before the employee can move onto the next step in the process. (Hueber Decl. ¶ 11.) Once the acknowledgment is confirmed, the employee clicks the "Continue" button to complete the process. (*Id.*; Doc. No. 6-6 at 6.) Once a course is completed, an electronic record is

generated within CubeSmart's LMS confirming receipt and completion of this acknowledgment, which is also sent to the employee via email and a copy is kept as part of their personnel file. (Hueber Decl. ¶¶ 12, 16.) A course completion record is maintained within CubeSmart's LMS and kept in the course of CubeSmart's regularly conducted business activity. (*Id.* ¶ 16.) Plaintiff's Online Course Activities transcript, an electronic record and report of all the trainings and acknowledgments assigned to and completed by Plaintiff, shows she completed the 2022 Arbitration Agreement acknowledgment on May 20, 2022, at 2:25 p.m. (Hueber Decl. ¶ 18; Doc. No. 6-8 at 2.)

Based on the foregoing, and Plaintiff's lack of opposition, the Court finds CubeSmart has shown by a preponderance of the evidence that there is a valid Arbitration Agreement to which Plaintiff consented. *See Knutson*, 771 F.3d at 565; *Espejo*, 246 Cal. App. 4th at 1060.

### B. Whether the Arbitration Agreement Encompasses the Claims at Issue

Next, the Court considers whether the Arbitration Agreement covers Plaintiff's claims. Arbitration is a matter of contract, and a party "cannot be required to submit to arbitration any dispute which [s]he has not agreed so to submit." *Tracer Rsch. Corp. v. Nat'l Env't Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994) (citation omitted). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Upon review of the parties' contract, the Court finds that Plaintiff's claims are encompassed by the Arbitration Agreement. The Arbitration Agreement is broad, requiring Plaintiff to arbitrate "any alleged unlawful act regarding . . . [her] employment which could have otherwise been brought before an appropriate court" and covers "any and all existing or future Covered Claims between the CUBESMART and Employee." (Doc. No. 6-7 at 2.) The Covered Claims include, but are not limited to, claims brought under "anti-discrimination statutes; wage and hour laws; retaliation statutes, equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law." (*Id.*)

Here, Plaintiff's Complaint contains eleven causes of action, all of which arose from her former employment with CubeSmart. Because Plaintiff's claims allege unlawful acts concerning her employment, they all fall within the scope of the Arbitration Agreement. (*See generally* Compl.) Again, Plaintiff presented no response to the contrary.

Based on the foregoing, the Court finds that the FAA requires it to enforce the Arbitration Agreement in accordance with its terms and to grant CubeSmart's motion to compel arbitration. *See Dean Witter Reynolds, Inc.*, 470 U.S. at 218; *Chiron Corp.*, 207 F.3d at 1130. Accordingly, the Court **GRANTS** CubeSmart's motion to compel arbitration.

### C. Stay of Action

Section 3 of the FAA provides the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. CubeSmart has made such a request. (Doc. 6-1 at 22–23.) Accordingly, the Court **STAYS** this action pending completion of arbitration.

### IV. CONCLUSION

For the reasons stated herein, the Court enters the following orders.

- CubeSmart's motion to compel arbitration and stay case is **GRANTED**. (Doc. No. 6.)

- Pursuant to the FAA, the Court **STAYS** the judicial proceedings pending the outcome of the parties' arbitration. *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

- The parties are **HEREBY ORDERED** to file a joint status report with this Court, detailing the progress of the arbitration no later than August 25, 2025 and every 90 days thereafter.

- The parties are **FURTHER ORDERED** to notify the Court that arbitration proceedings have concluded within fourteen days of the issuance of the

arbitrator's decision. As this action is stayed pending the completion of arbitration, all dates currently on the calendar in this case are **VACATED**.

**IT IS SO ORDERED**.

Dated: February 24, 2025

Hon. Anthony J. Battaglia
United States District Judge